# UNITED STATES BANKRUPTCY COURT
## NORTHERN DISTRICT OF ILLINOIS
### EASTERN DIVISION

| | |
|---|---|
| In re: BUBAN, JEFFREY M. | § Case No. 10-23771 |
| | § |
| | § |
| Debtor(s) | § |

## NOTICE OF TRUSTEE'S FINAL REPORT AND APPLICATIONS FOR COMPENSATION AND DEADLINE TO OBJECT (NFR)

Pursuant to Fed. R. Bankr. P.2002(a)(6) and 2002(f)(8), please take notice that JOSEPH R. VOILAND, trustee of the above styled estate, has filed a Final Report and the trustee and the trustee's professionals have filed final fee applications, which are summarized in the attached Summary of Trustee's Final Report and Applications for Compensation.

The complete Final Report and all applications for compensation are available for inspection at the Office of the Clerk, at the following address:

Northern District of Illinois
219 S. Dearborn
Chicago, IL 60604

Any person wishing to object to any fee application that has not already been approved or to the Final Report, must file a written objection within 20 days from the mailing of this notice, serve a copy of the objections upon the trustee, any party whose application is being challenged and the United States Trustee. A hearing on the fee applications and any objection to the Final Report will be held at 10:00am on 7/14/2011 in Courtroom 250, United States Courthouse,
Kane County Courthouse
100 S. Third Street
Geneva, IL 60134.
If no objections are filed, upon entry of an order on the fee applications, the trustee may pay dividends pursuant to FRBP 3009 without further order of the Court.

**UST Form 101-7-NFR (10/1/2010)**

Date Mailed:  05/12/2011            By:   JOSEPH R. VOILAND
                                                Trustee

JOSEPH R. VOILAND
1625 WING ROAD
YORKVILLE, IL  60560
(630) 553-1951

**UST Form 101-7-NFR (10/1/2010)**

# UNITED STATES BANKRUPTCY COURT
# NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| In re: BUBAN, JEFFREY M. § | Case No. 10-23771 |
| § | |
| § | |
| Debtor(s) § | |

## SUMMARY OF TRUSTEE'S FINAL REPORT
## AND APPLICATIONS FOR COMPENSATION

| | |
|---|---|
| *The Final Report shows receipts of* | $ 6,000.19 |
| *and approved disbursements of* | $ 0.00 |
| *leaving a balance on hand of* [1] | $ 6,000.19 |
| **Balance on hand:** | $ 6,000.19 |

Claims of secured creditors will be paid as follows:

| Claim No. | Claimant | Claim Asserted | Allowed Amount of Claim | Interim Payments to Date | Proposed Payment |
|---|---|---|---|---|---|
| None | | | | | |

| | |
|---|---|
| Total to be paid to secured creditors: | $ 0.00 |
| Remaining balance: | $ 6,000.19 |

Applications for chapter 7 fees and administrative expenses have been filed as follows:

| Reason/Applicant | Total Requested | Interim Payments to Date | Proposed Payment |
|---|---|---|---|
| Trustee, Fees - JOSEPH R. VOILAND | 1,350.02 | 0.00 | 1,350.02 |
| Trustee, Expenses - JOSEPH R. VOILAND | 65.98 | 0.00 | 65.98 |

| | |
|---|---|
| Total to be paid for chapter 7 administration expenses: | $ 1,416.00 |
| Remaining balance: | $ 4,584.19 |

---

[1] The balance of funds on hand in the estate may continue to earn interest until disbursed. The interest earned prior to disbursement will be distributed pro rata to creditors within each priority category. The trustee may receive additional compensation not to exceed the maximum compensation set forth under 11 U.S.C. § 326(a) on account of the disbursement of the additional interest.

**UST Form 101-7-NFR (10/1/2010)**

Applications for prior chapter fees and administrative expenses have been filed as follows:

| Reason/Applicant | Total Requested | Interim Payments to Date | Proposed Payment |
|---|---|---|---|
| None | | | |

Total to be paid for prior chapter administrative expenses:  $        0.00
Remaining balance:  $    4,584.19

In addition to the expenses of administration listed above as may be allowed by the Court, priority claims totaling $0.00 must be paid in advance of any dividend to general (unsecured) creditors.

Allowed priority claims are:

| Claim No | Claimant | Allowed Amount of Claim | Interim Payments to Date | Proposed Payment |
|---|---|---|---|---|
| None | | | | |

Total to be paid for priority claims:  $        0.00
Remaining balance:  $    4,584.19

The actual distribution to wage claimants included above, if any, will be the proposed payment less applicable withholding taxes (which will be remitted to the appropriate taxing authorities).

Timely claims of general (unsecured) creditors totaling $ 44,696.66 have been allowed and will be paid *pro rata* only after all allowed administrative and priority claims have been paid in full. The timely allowed general (unsecured) dividend is anticipated to be 10.3 percent, plus interest (if applicable).

Timely allowed general (unsecured) claims are as follows:

| Claim No | Claimant | Allowed Amount of Claim | Interim Payments to Date | Proposed Payment |
|---|---|---|---|---|
| 1 | Chase Bank USA, N.A. | 861.24 | 0.00 | 88.33 |
| 2 | Chase Bank USA, N.A. | 9,109.73 | 0.00 | 934.31 |
| 3 | U.S. Bank N.A. | 23,421.09 | 0.00 | 2,402.12 |
| 4 | PYOD LLC its successors and assigns as assignee of | 11,304.60 | 0.00 | 1,159.43 |

Total to be paid for timely general unsecured claims:  $    4,584.19
Remaining balance:  $        0.00

**UST Form 101-7-NFR (10/1/2010)**

Tardily filed claims of general (unsecured) creditors totaling $ 0.00 have been allowed and will be paid *pro rata* only after all allowed administrative, priority and timely filed general (unsecured) claims have been paid in full. The tardily filed claim dividend is anticipated to be 0.0 percent, plus interest (if applicable).

Tardily filed general (unsecured) claims are as follows:

| Claim No | Claimant | Allowed Amount of Claim | Interim Payments to Date | Proposed Payment |
|---|---|---|---|---|
| None | | | | |

Total to be paid for tardy general unsecured claims: $ 0.00
Remaining balance: $ 0.00

Subordinated unsecured claims for fines, penalties, forfeitures, or damages and claims ordered subordinated by the Court totaling $ 0.00 have been allowed and will be paid *pro rata* only after all allowed administrative, priority and general (unsecured) claims have been paid in full. The dividend for subordinated unsecured claims is anticipated to be 0.0 percent, plus interest (if applicable).

Subordinated unsecured claims for fines, penalties, forfeitures or damages and claims ordered subordinated by the Court are as follows:

| Claim No | Claimant | Allowed Amount of Claim | Interim Payments to Date | Proposed Payment |
|---|---|---|---|---|
| None | | | | |

Total to be paid for subordinated claims: $ 0.00
Remaining balance: $ 0.00

Prepared By: /s/JOSEPH R. VOILAND
Trustee

JOSEPH R. VOILAND
1625 WING ROAD
YORKVILLE, IL  60560
(630) 553-1951

**STATEMENT:** This Uniform Form is associated with an open bankruptcy case, therefore, Paperwork Reduction Act exemption 5 C.F.R. § 1320.4(a)(2) applies.

**UST Form 101-7-NFR (10/1/2010)**

United States Bankruptcy Court
Northern District of Illinois

In re:                                                                    Case No. 10-23771-MB
Jeffrey M. Buban                                                          Chapter 7
         Debtor

# CERTIFICATE OF NOTICE

District/off: 0752-1          User: dwilliams           Page 1 of 1            Date Rcvd: Jun 14, 2011
                              Form ID: pdf006           Total Noticed: 10

Notice by first class mail was sent to the following persons/entities by the Bankruptcy Noticing Center on
Jun 16, 2011.
```
db           +Jeffrey M. Buban,    11 N. Adams Street,    North Aurora, IL 60542-1623
aty          +David W. Nordin,    Nordin & Sturino, P.O.,    1555 Naperville-Wheaton Road,
               Naperville, IL 60563-1535
tr           +Joseph Voiland,    Joseph R. Voiland,    1625 Wing Road,    Yorkville, IL 60560-9263
15627176     +Buban Jeffrey M,    11 N Adams Street,    North Aurora, IL 60542-1623
15627178      Chase,    P.O. Box 15153,    Wilmington, DE 19886-5153
16184361      Chase Bank USA, N.A.,    PO Box 15145,    Wilmington, DE 19850-5145
15627177     +Nordin & Sturino PC,    1555 NapervilleWheaton Road Suite 207,    Naperville, IL 60563-1535
16459644     +PYOD LLC its successors and assigns as assignee of,    Citibank, NA,
               c/o Resurgent Capital Services,    PO Box 19008,    Greenville, SC 29602-9008
16235540     ++US BANK,    PO BOX 5229,    CINCINNATI OH 45201-5229
              (address filed with court: U.S. Bank N.A.,    Bankruptcy Department,    P.O. Box 5229,
               Cincinnati, OH 45201-5229)
15627180     ++US BANK,    PO BOX 5229,    CINCINNATI OH 45201-5229
              (address filed with court: US Bank,    P.O. Box 790408,    St. Louis, MO  63179-0408)
```

Notice by electronic transmission was sent to the following persons/entities by the Bankruptcy Noticing Center.
NONE.                                                                                          TOTAL: 0

          ***** BYPASSED RECIPIENTS (undeliverable, * duplicate) *****
```
15627179     ##Home Depot,    P.O. Box 689100,    Des Moines, IA  50368-9100
                                                                                  TOTALS: 0, * 0, ## 1
```

Addresses marked '+' were corrected by inserting the ZIP or replacing an incorrect ZIP.
USPS regulations require that automation-compatible mail display the correct ZIP.

Addresses marked '++' were redirected to the recipient's preferred mailing address
pursuant to 11 U.S.C. 342(f)/Fed.R.Bank.PR.2002(g)(4).

Addresses marked '##' were identified by the USPS National Change of Address system as undeliverable.  Notices
will no longer be delivered by the USPS to these addresses; therefore, they have been bypassed.  The
debtor's attorney or pro se debtor was advised that the specified notice was undeliverable.

**I, Joseph Speetjens, declare under the penalty of perjury that I have sent the attached document to the above listed entities in the manner shown, and prepared the Certificate of Notice and that it is true and correct to the best of my information and belief.**

**Meeting of Creditor Notices only (Official Form 9): Pursuant to Fed. R. Bank. P. 2002(a)(1), a notice containing the complete Social Security Number (SSN) of the debtor(s) was furnished to all parties listed. This official court copy contains the redacted SSN as required by the bankruptcy rules and the Judiciary's privacy policies.**

**Date: Jun 16, 2011**                    **Signature:**   *Joseph Speetjens*